IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN WIDMAN,

        Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

        Defendant.

CV 05-410-MA

OPINION AND ORDER

DAVID B. LOWRY
9900 S.W. Greenburg Road
Columbia business Center, Suite 235
Portland, OR 97223
(503)245-6309

        Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1024

1 - OPINION AND ORDER

FRANCO L. BECIA
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA 98104-7075
(206) 615-2531

   Attorneys for Defendant

MARSH, Judge.

This matter is before me on the Commissioner's Motion to Dismiss (doc. 6) for lack of subject matter jurisdiction.

Plaintiff filed a civil action for judicial review of a decision of the Administrative Law Judge (ALJ) denying his application for disability insurance benefits under Title II of the Social Security Act. Plaintiff asserts this court has jurisdiction over this action under 42 U.S.C. § 405(g). The Commissioner asserts, however, she has not made a final decision on Plaintiff's claim.

For the reasons that follow, I agree that the Commissioner has not yet issued a final decision on Plaintiff's claim and, therefore, this court lacks subject matter jurisdiction.

The sole statutory grant of district court jurisdiction to review a denial of social security benefits by the Secretary is 42 U.S.C. § 405(g). *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975). This section permits an individual to seek judicial review within sixty days of receiving notice of a "final decision" by the Secretary made after a hearing. The final

2 - OPINION AND ORDER

decision requirement is "central to the grant of subject matter jurisdiction." *Bartlett v. Schweiker*, 719 F.2d 1059, 1061 (10th Cir. 1983). There are two components to that requirement:

> [The final decision requirement] consists of two elements, only one of which is purely "juris-dictional" in the sense that it cannot be "waived" by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary. Absent such a claim there can be no "decision" of any type. And some decision by the Secretary is clearly required by the statute.

*Id.* at 1061-62 (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).

Here, the record reflects plaintiff's claim for disability benefits was denied originally on June 29, 2000. The Appeals Council then issued a final decision denying plaintiff's request for review.

On May 29, 2002, plaintiff sought judicial review of the Commissioner's final decision in an action in this court entitled *Widman v. Commissioner*, CV-02-700-HA. On June 8, 2003, pursuant to the stipulation of the parties, Chief Judge Haggerty remanded the case to the Commissioner for further proceedings to determine whether plaintiff suffered from a mental impairment that limited his ability to work.

On July 22, 2003, the Appeals Council remanded the case

3 - OPINION AND ORDER

to the ALJ for further proceedings. On January 6, 2005, the ALJ issued a decision that plaintiff did not suffer from physical or mental impairments that precluded him from engaging in substantial gainful activity.

On January 10, 2005, plaintiff filed a "Request for Review of Hearing Decision" with the Appeals Council.

On January 15, 2005, the Social Security Office of Hearings and Appeals sent plaintiff a notice informing him that an incorrect notice had been issued with the ALJ's decision on his claim and also informing him of the appeals process.

On April 28, 2005, plaintiff filed this action.

According to the Commissioner, the Appeals Council assumed jurisdiction over plaintiff's claim based on plaintiff's January 10, 2005, request for review, and has not relinquished that jurisdiction because it has yet to issue a final decision on that request.

On this record, I find plaintiff timely filed an appeal of the ALJ's decision denying his claim for disability benefits, the appeal is still pending and, therefore, no final decision has been made sufficient to confer subject matter jurisdiction on this court. Plaintiff has not presented any evidence that the Commissioner waived the requirement that plaintiff exhaust his administrative remedies after plaintiff initiated his appeal.

Accordingly, I grant the Commissioner's motion to dismiss

plaintiff's complaint without prejudice to plaintiff's right to refile if and when the Commissioner issues an adverse final decision on plaintiff's appeal.

IT IS SO ORDERED

DATED this 17 day of October, 2005.

                                          MALCOLM F. MARSH
                                    United States District Judge